## Case No. 15,372.

### UNITED STATES v. HIRSCHFIELD.

[13 Blatchf. 330.] [1]

Circuit Court, S. D. New York. April 29, 1876.

ELECTIONS AND VOTERS—FRAUDULENT REGISTRATION—INDICTMENT.

An indictment under section 5512 of the Revised Statutes, for fraudulent registration, alleged, in one count, that the defendant, "having no lawful right to register, fraudulently and wilfully did register," and, in another count, "that he had no lawful right to register, as he well knew, by reason of the fact that he was then and there an alien, and had not been admitted to become a citizen of the United States." *Held,* that the indictment was bad, in not pointing out the fraud, and in omitting to state facts showing that the defendant was not entitled to register; and that the averment that the accused was an alien and had not been admitted to become a citizen of the United States, did not show that he had no right to register, or that he was not a citizen of the United States, or that he had no right to vote.

[Cited in Re Coleman, Case No. 2,980.]
[Cited in brief in Com. v. Howe (Mass.) 10 N. E. 756; People v. Neil, 91 Cal. 469, 27 Pac. 761.]

Benjamin B. Foster, Asst. U. S. Dist. Atty.
Benjamin F. Tracy, for defendant.

BENEDICT, District Judge. The accused was indicted under section 5512 of the Revised Statutes, for fraudulent registration. He was tried and convicted, and now moves in arrest of judgment. The indictment contains two counts. The first count charges, that, "at a registration of voters for an election for representative in the congress of the United States, to wit, at a registration then and there conducted for the Fifteenth election district of the Fourth assembly district of the city of New York, in the said Southern district of New York, made under the laws of the state of New York, for an election at which a representative in congress might be chosen, he, the said Wolf Hirschfield, otherwise called William J. Hirschfield, having no lawful right to register, fraudulently and wilfully did register, against the peace of

the United States and their dignity, and against the form of the statute in such case made and provided." The second count differs from the first in no substantial particular except in stating that the accused "had no lawful right to register, as he well knew, by reason of the fact that he was then and there an alien, and had not been admitted to become a citizen of the United States."

This indictment is claimed, in behalf of the accused, to be insufficient to warrant a judgment thereon, for several reasons: (1) Because the averment is, simply, that the accused fraudulently registered, without stating any facts to show that a fraud was committed, or to enable the accused to know what he is charged with having done. (2) Because the election districts and assembly districts of the city of New York are not known to the law, the one being designated by the supervisors, the other by the police commissioners, and neither by any statute; wherefore, it is claimed that the registration is imperfectly described in the indictment. (3) That the indictment is also defective in omitting to state any facts showing the organization of any board, or the appointment of any officers, authorized to make a registration, and to whom application for registration could be made. (4) That the averment in the first count, that the accused had "no lawful right to register," is insufficient, because it contains no statement of facts showing that the accused had not such right, and that the averment in the second count is also insufficient, for the same reason. (5) That, inasmuch as the laws of the state permit every person to register who would be entitled to vote at the ensuing election, this indictment is defective for omitting to aver that the accused was not entitled to vote at the next election.

The first of these objections, which is applicable to both counts, is well taken. The averment that the accused fraudulently registered is insufficient, although those are the words of the statute. Something more must be stated, in order to give the accused any proper notice of the charge which he is to meet. It is impossible for the accused to determine, from this indictment, whether he is required to show, in his defence, that he was twenty-one years of age, or to show that he resided in a certain place, or to show that he bore a certain name, or to show that he was a native, or that he was a naturalized citizen of the United States. An indictment under this statute should point out the fraud which, it is supposed, the accused committed, so that he can know what it is that he is called on to explain, and be enabled to prepare his defence. 1 Bish. Cr. Proc. § 371; Pearce v. State, 1 Sneed, 67.

The indictment is also fatally defective for omitting to state facts showing that the accused was not entitled to register. This omission, which is palpable in the first count, was sought to be cured in the second count,

[1] [Reported by Hon. Samuel Blatchford, District Judge, and here reprinted by permission.]

by the averment that the accused was an alien, and had not been admitted to become a citizen of the United States. But, this averment does not show that the accused had no right to register. Some aliens who have never been admitted to become citizens are entitled to vote. Thus, by section 2172, Rev. St., it is provided, that "the children of persons who have been duly naturalized, * * * being under the age of twenty-one years at the time of the naturalization of their parents, shall, if dwelling in the United States, be considered as citizens thereof." Such persons have a right to register, although they are aliens and have never taken any steps towards being admitted to become citizens. They are citizens by virtue of the statute, and are never admitted by any court, or required to take any proceedings to entitle them to the rights of citizenship. The absence of a lawful right to vote is, by the statute, made a necessary ingredient of the offence, and the necessity to aver and prove such absence of right is conceded. But, the indictment contains no fact showing the absence of such right. It is, therefore, plainly insufficient, and the judgment must be arrested for this reason.